YELLOW CAB CO. v. HOTEL HOLLENDEN CO.

Ohio Appeals, 8th Dist., Cuyahoga Co.

No. 8203. Decided April 18, 1927.
**First Publication of this Opinion.**

**1105. STATUTE OF FRAUDS—Agreement to extend time of contract, made when original contract has more than one year to run, is within statute of frauds.**

**297. CONTRACTS—708. Leases—Where contract is in nature of lease and party, in position of lessee, continues in possession under terms of contract, after same has expired, such continued possession operates as renewal for one year.**

Appeal from Common Pleas.
Decree for plaintiff.

Tolles, Hogsett & Ginn, Cleveland, for Cab Co.

Paul Howland, Cleveland, for Hotel Hollenden.

VICKERY, J.

The action was brought by the Yellow Cab Co., asking for an injunction to prevent the Hollenden Hotel Co. from ousting it from its stand in the Hollenden Hotel and on the streets adjacent thereto.

On July 1, 1923, a contract was entered into between one Herman Mack then president and managing officer of the Hotel Co., with one Ginsberg as president of the Yellow Cab Co. of Cleveland, whereby the Yellow Cab Co. acquired the right to have a stand for the Yellow Cab in the hotel and the right to occupy the space on the street assigned by the City Public Safety Dept. for the use of cabs on said street. The consideration for that contract was a lump sum of $5400 payable in monthly installments of $150 each. The contract was to run for three years, and, in accordance therewith, the Yellow Cab Co. went into possession of the stand in the hotel and the street adjacent thereto and occupied it up to and prior to the time of the bringing of this action.

The three years expired on June 30, 1926, and thereafter the Cab Co. still maintained its cab stand and paid to the Hollenden Co. the same amount of money, to wit, $150.00 per month. In February of 1927, it was sought by the Hollenden Co. to have the Yellow Cab Co. vacate the premises occupied by them in the Hotel and to substitute another company in the cab stand.

The Cab Co. based their right to occupy upon an alleged contract with the Hollenden Co., which extended the time for which this contract was made, two years. This supplemental contract, so called, was made about a year after the original contract was made and while it was still in force and effect. The copies of this contract that are produced, signed by Mack for the Hollenden Co. and by Ginsberg as president of the Yellow Cab Co. were signed on the 7th or 9th of October, 1924. On Sept. 18, 1924, Mack was discharged as president and managing officer of the Hollenden Co., and W. E. Guerin was elected in his stead. Mack was elected Vice-President of the company, but had nothing to do with the management of the hotel after his expulsion on Sept. 18th. There is nothing in the record to show but what Mr. Guerin was the active manager of the hotel.

This would be a contract that would come within the statute of frauds, inasmuch as it could not be performed within one year, because it must be remembered, the old contract had still two years to run, and, this being a new contract which could not take effect until the expiration of the old contract, it was not enforcible under the statute of frauds, unless a memorandum was properly made, signed by the proper party to be charged, or his duly authorized agent. The memorandum that is produced was signed by Mack a month after he ceased to be the managing officer, in a place where he had no right to exercise control over the property. Therefore, the memorandum is not a good memorandum.

The contract for three years was in writing, and, while it may not be deemed a lease, it is treated as though it were in the nature of a

lease. It was for a period of three years, which would end on the 30th of June, 1926. After the lease had expired, the Taxi Cab Co. continued in possession under exactly the same terms and conditions, and paid the rent for a period of seven and a half months, which rent was accepted by the Hollenden Co. We think, by virtue of this the Taxicab Co. had their lease extended for a period of one year, from June 30, 1926, until June 30, 1927, and that period has still two or three months to run.

We are therefore of the opinion that the Hollenden Co. cannot, at this time, oust them from their possession, and the injunction prayed for by the Taxicab Co. should be granted, to remain in force until the 30th of June of this year, after which the rights of the Taxicab Co. will have ceased.

(Sullivan, PJ., and Levine, J., concur.)