REALTY ORGANIZATION, INC. v. WILLIAMS, etc.

Ohio Appeals, 8th Dist., Cuyahoga Co.

No. 8632. Decided May 7, 1928.

First Publication of This Opinion.

Syllabus by Editorial Staff.

**257. COMMISSIONS—for Sale of Real Estate—923. Pleadings.**
Petition, which alleges that, under oral contract, there had been listed with plaintiff, certain real property; that if plaintiff procured purchaser he would be allowed a sum equal to 5% commission; that a purchaser was produced, etc., does not state facts sufficient to constitute a cause of action.

Error to Common Pleas.
Judgment affirmed.

Wilson Kern, Cleveland, for Realty Organization, Inc.
Victor J. Conrad, Cleveland, for Williams, etc.

FULL TEXT.

VICKERY, J.
This action came into this court on a petition in error to the Common Pleas Court, the

judgment being rendered on what amounted to a demurrer to the petition, that is, upon an objection to the introduction of any testimony on the ground that the petition did not state a cause of action, which objection was sustained, and judgment rendered, and it is to reverse that judgment that error is prosecuted here.

From the record we learn that the plaintiff brought his action against the defendant to recover a sum equal to five percent commission, under an oral contract, whereby the defendant company had stated that there had been listed with it certain property and agreed that if the plaintiff produced a purchaser, he would be allowed a sum equal to five percent commission, and that a purchaser was produced, and the sale was made and a demand was made for the payment of what he called a sum equal to five percent commission, but which in effect was a commission for the sale of this real estate.

The objection to the introduction of testimony was based on 'the ground that the petition setting up an oral contract stated a case that would bring it within the statute, Section 8621 General Code, which went into effect on the tenth day of July, 1925, to the effect that no action shall be brought whereby to charge the defendant for any commission for the sale of any interest in real estate unless such contract or memorandum thereof be in writing, and it was claimed that this action came fairly within this statute.

The petition set up that the contract was entered into and the action was brought at a date after the statute went into effect; and therefore it did not state a cause of action. It is urged, however, by plaintiff in error, who was plaintiff below, that this did not come within that statute, but came within the decision of this court in the case of Furth v. Farkash, 26 Ohio App. 181, reported in Ohio Law Bulletin and Reporter of March 26, 1928. We cannot agree with learned counsel in this claim. We do not think that this case comes within the decision of this court laid down in Furth v. Farkash supra, but that the action, shorn of all verbiage, as set forth in the petition, was for a commission for producing a' customer which resulted in the sale of real estate, and the contract being oral and so alleged in the petition, we do not think the petition stated a cause of action, and the objection to the introduction of testimony was properly sustained.

The judgment will, therefore, be affirmed.
(Sullivan, PJ., and Levine, J., concur.)